[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION TO SET ASIDE THE VERDICT AND MOTION FOR REMITTITUR
This is an action for money damages arising out of the discharge from employment of the plaintiff by the defendant. The case was tried to a verdict in the plaintiff's favor in the amount of $413,000. The defendant has now moved to set aside the verdict on the grounds that it is contrary to law and not supported by the evidence. Earlier the defendant had made motions for directed verdict on which judgment had been reserved by the court.
The Court followed the approved procedure of submission of the case to the jury and reserving judgment on the defendant's motion so that in the event it was in error, the parties might possibly avoid the time and expense of retrying the case all over again.
The following facts which the jury had before it and upon which the parties are not really in dispute have led to the present CT Page 4427 posture of the case. By virtue of his academic training and experience, the plaintiff had particular knowledge and skill concerning "Switches" which allow a computer of one kind to communicate with another. This led to his employment in 1979 by Data Switch, a start up company, which by marketing a switch which Mr. Young designed, was able to launch itself successfully into a large operation which has enjoyed marked success in this niche of the computer industry. Mr. Young was hired on a written agreement at the Company's inception but after the company's founder left operational control, Young was no longer in favor with the new management and he was told he was being terminated. Young claims promises were earlier made to him of lifetime employment which the company denies. Nonetheless, a written termination agreement was signed on August 15, 1985 in which in return for certain agreements and payments to Mr. Young, he released Data Switch from all liability to him except for certain obligations under stock option agreements which were honored by Data Switch.
Long after receipt of the stock options and after all other financial obligations in the Termination of Employment Agreement were satisfied, the plaintiff Mr. Young sought to avoid the general release found in the Termination Agreement because he said it had been obtained from him by economic duress and coercion. That duress or coercion was put before the jury through evidence from which it might have found that the President of the company threatened to make Young's termination retroactive to an earlier date and thereby deprive Mr. Young of certain stock options which would result in substantial gain to him, if he were able to exercise them.
The employer denies any duress but claims that even if one might assume that it existed, the plaintiff ratified the provisions of the Termination Agreement by continued acceptance of its benefits long after any such duress ceased and by acquiescing in the agreement for over fifteen months before attempting to disaffirm, and by his ratification is bound by the terms of the release to Data Switch found in the written termination agreement, which would bar this action seeking damages for his discharge.
The court will treat the Ratification Defense first.
A contract like the termination agreement, if entered into as a result of duress, is not void, but merely voidable, and is capable of being ratified after duress is removed. Ratification results if the party who executes the contract under duress accepts benefits from it or remains silent or acquiesces in the contract CT Page 4428 for any considerable length of time after opportunity is afforded to annul or void it. Gallon v. Lloyd Thomas Company. 264 F.2d 821.
What is a question of law to be decided by a judge or what is a question of fact to be decided by the jury, is not always easy to determine in a jury trial. The formula which allocates to the jury all fact finding functions and to the judge the function of setting forth the law is less certain in its application where the question to be decided is a mixed question of law and fact.
The plaintiff admitted that on August 21, 1985, 40,000 shares of Data Switch stock were delivered to the plaintiff Young and on October 10, 1985 an additional 8,334 shares were transferred to him. Hence any claimed economic duress ceased as of October 10, 1985 (if not earlier). Nonetheless the plaintiff continued to accept the benefits of the release contract until the end of December.
The plaintiff never advised the defendant of any claim of duress or coercion until January 22, 1987, almost 16 months after October 10, 1985.
The court charged the jury in this case that: "If you find that after the plaintiff signed the termination and severance agreement he accepted the benefits due him pursuant to that agreement or remained silent or acquiesced in the agreement for a significant period of time after any economic duress ceased and after having an opportunity to claim it was void because of duress, you will find that he ratified it and your verdict may be for the defendant."
A guiding test as to whether a matter is a question of law or a question of fact bearing on whether a verdict ought to be set aside as contrary to law is, could the jury have reasonably reached any other legal conclusion.
Ratification is defined as "the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account. Botticello v. Stefanovicz, 177 Conn. 22, 28.
The only evidence before the jury was that the defendant Data Switch company performed all obligations to Mr. Young required of it by the Termination of Employment and Severance Agreement, and that Mr. Young continued to accept its benefits after any alleged coercion with respect to stock options had ceased by the company's CT Page 4429 delivery of the last stock shares due him on October 10, 1985. The only evidence before the jury was that he gave no outward manifestation of any intent to avoid or disaffirm the contract until January 22nd of 1987.
In light of that evidence and the charge to the jury the question becomes could the jury have reasonably reached the conclusion that no ratification had occurred. The court concludes it could not.
A majority of courts which have passed on the issue, hold that where any substantial time has passed, between the duress or coercion alleged to have prompted a party to enter an agreement, and the later attempt to avoid or disaffirm that agreement on the basis of duress, is a question for the court not for the jury. Gallon v. Lloyd Thomas Company, 264 F.2d 821; Diffenderfer v. Heublein, Inc. 412 F.2d 184; Reed v. Smithline Beckman Corp,569 F. Sup. 672, 676 (Waiting for over 1 year to object to release is waiver of right to rescind); Schmalz v. Hardy Salt Company, et al,739 S.W.2d 765, 768; DiMartino v. City of Hartford, 636 F. Sup. 1241
(D. Conn. 1986). To paraphrase Diffenderfer (ibid)., If there ever were a contract between Data Switch and Young for permanent employment, and if there ever were duress employed by Data Switch in the signing of the written Termination of Employment Agreement by which Mr. Young released any and all claims except for certain stock options and other benefits provided for in that termination agreement, Mr. Young ratified and confirmed and accepted the written Termination Agreement as a matter of law when he (1) continued to accept benefits under it through the end of December, 1992 after any alleged economic coercion had to have ceased with the delivery of stock shares to him on October 10, 1985, and (2) let almost 16 months pass before taking any action to disaffirm the agreement.
Because the court's decision of the Motion to set aside the verdict is dispositive of the issues before it, there is no need to address the defendant's Motion for Remittitur.
The Motion to Set Aside the Verdict is granted.
FLYNN, J. CT Page 4430